[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Appellant Antonio Wright appeals his conviction for one count of trafficking in heroin in violation of R.C. 2925.03(A)(2). Wright was sentenced to a seven-month term in prison.
 {¶ 3} Pursuant to Anders v. California,[1] Wright's appointed appellate counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Wright's appeal.[2] Counsel acknowledges that, in Wright's opinion, the following errors were committed: (1) that there was insufficient evidence to charge him with trafficking in heroin, and (2) that Wright did not understand the charge he pleaded guilty to. Despite Wright's contentions, appellate counsel has communicated his conclusion that there is nothing to support Wright's appeal, and he has moved this court for permission to withdraw as counsel.[3]
 {¶ 4} Counsel requests that this court independently examine the record to determine whether the appeal is wholly frivolous.[4] Based on our review of the record, we hold that, despite Wright's contentions, it is devoid of prejudicial error. Wright pleaded guilty to trafficking in heroin in exchange for the dismissal of a possession-of-heroin charge and the imposition of an agreed sentence of seven months. Having pleaded guilty to trafficking, Wright cannot now challenge the sufficiency of the evidence with respect to the trafficking conviction. Moreover, we find no deficiencies in the voluntariness of Wright's guilty plea. Because there are no grounds to support a meritorious appeal, the judgment of the trial court is affirmed, and appellate counsel's motion to withdraw is overruled.
 {¶ 5} Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Wright because he is indigent.
 {¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] We note that in Smith v. Robbins (2000), 528 U.S. 259,120 S.Ct. 746, the United States Supreme Court held that the Anders procedure is only one method that states may use to satisfy the constitutional requirements for indigent criminal appeals. As of this writing, theAnders procedure is still followed in Ohio. See State v. Lachner (Feb. 25, 2000), 6th Dist. No. S-98-049.
[3] See Anders, supra, at 744.
[4] See Anders, supra; Freels v. Hills (C.A. 6, 1988), 843 F.2d 958.